IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00066-RPM-BNB
(Consolidated with Civil Action No. 06-cv-00608-RPM and civil Action No. 06-cv-00884-RPM)

STATE FARM LIFE INSURANCE COMPANY,

Plaintiff,

v.

MARICELA CARBAJAL,
VICTORIA CARBAJAL,
LUCIA CARBAJAL, and
JAEL MIRELLA,

Defendants,

and

MARICELA CARBAJAL,

Plaintiff,

v.

AMERICAN FAMILY LIFE INSURANCE COMPANY, and
LINCOLN BENEFIT LIFE COMPANY,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**

_____

This matter arises on the following:

(1)     **Motion to Enforce Settlement Agreement** [Doc. # 124, filed 3/15/2009] by

Maricela Carbajal, Victoria Carbajal, Lucia Carbajal, and Jael Mirella (the "Carbajals' Motion to

Enforce");

(2)     **State Farm's Motion to Enforce Settlement Agreement** [Doc. # 126, filed 3/18/2009] ("State Farm's Motion to Enforce");

(3)     **American Family Life Insurance Company's Joinder in State Farm's Motion to Enforce Settlement Agreement** [Doc. # 127, filed 3/18/2009) ("American Family's Joinder");

(4)     **Joinder By Lincoln Benefit Life in State Farm's Motion to Enforce Settlement Agreement** [Doc. # 128, filed 3/18/2009] ("Lincoln Benefit's Joinder"); and

(5)     **State Farm's Motion to Strike Carbajals' Response to Motion to Enforce Settlement Agreement** [Doc. # 137, filed 4/13/2009] (the "Motion to Strike").

I held a settlement conference on January 29, 2009, after which the parties announced that the case had been resolved.  The settlement agreement, as recited to me on the record, included among other things (1) the agreement that the insurance companies would pay a sum of money to the Carbajals and (2) an agreement that the payment would be returned by the Carbajals to the insurance companies if Miguel Carbajal were found alive.  In view of the representations of the parties that the matter was resolved, I ordered them to file a motion to dismiss on or before February 12, 2009.  Order [Doc. # 112, filed 1/29/2009].

On February 12, State Farm filed a motion for extension of time to file the motion to dismiss, stating as grounds that "[t]he parties have exchanged a draft of the documents necessary to file the stipulation to dismiss.  However, one-week of additional time is requested to ensure all parties have an opportunity to review the documents, and to made any requested revisions."  Unopposed Motion for Enlargement of Time to File Stipulation for Dismissal [Doc. # 114] at ¶2.  I granted the requested extension, giving the parties until February 19, 2009, within which to file

their motion to dismiss.  Minute Order [Doc. # 116, filed 2/12/2009].

On February 19, State Farm filed a second Unopposed Motion for Enlargement of Time to File Stipulation for Dismissal [Doc. # 117] (the "Second Motion for Enlargement") stating that "[o]n February 16, 2009, counsel for plaintiff State Farm was advised by an investigator that Miguel Carbajal had indeed been found alive in Mexico, and that he was confronted, and that photographs were taken."  Second Motion for Enlargement [Doc. # 117] at ¶3.  I ordered a status conference, which occurred on March 4, 2009.  At the status conference, the insurance companies confirmed that they contend that Miguel Carbajal has been found alive in Mexico, which would require the Carbajals to return any settlement proceeds they may receive, and the Carbajals stated that they dispute the claim that Miguel Carbajal is alive.  The insurance companies and the Carbajals also indicated their desire to conduct discovery concerning these new developments.

At the conclusion of the status conference, I ordered the parties to file "appropriate motions to resolve this action, by enforcement of the settlement, avoidance of the settlement, dismissal of the case, or otherwise."  Order [Doc. # 121, filed 3/4/2009].  The motions here at issue followed.

It is undisputed that a settlement of the underlying lawsuit was reached at the settlement conference held on January 29, 2009.  See State Farm's Motion to Enforce [Doc. # 126][1] at p.2 (stating that "[r]esolution [of the case] was reached and a settlement agreement was entered into by all parties"); Carbajals' Response to . . . Motion to Enforce the Settlement Agreement [Doc. #

---

[1]American Family and Lincoln Benefit have joined in State Farm's Motion to Enforce. Consequently, they join in all factual statements and legal arguments made by State Farm in its Motion to Enforce.

133, filed 4/7/2009)(the "Carbajals' Response") at p.2 (stating that "[i]t is undisputed that on January 29, 2009, after a day long . . . mediation . . . a binding settlement 'contract' was entered into that finally ended an epic six year journey for the parties").

It also is undisputed that the terms of the settlement were reduced to writing and executed by representatives of all of the parties.  A copy of the signed Settlement Agreement, captioned "Release and Indemnification Agreement" (the "Settlement Agreement"), is attached as Exhibit 1 [Doc. 134] to the Carbajals' Response and filed under seal.

It also is undisputed that the settlement funds have been tendered to the Carbajals' counsel subject to the agreement that they will not be disbursed "except in accordance with a Court order ('judicial determination') or agreement by all parties."  State Farm's Motion to Enforce [Doc. # 126] at ¶6; Carbajals' Response [Doc. # 133] at p.3 n.2.

The Settlement Agreement calls for the payment of money from the insurance companies to the Carbajals in exchange for releases of claims.  In addition, the Settlement Agreement includes a provision, captioned "Indemnification Clause," which states:

> State Farm, Lincoln Benefit, and American Family voluntarily agree to a compromise settlement in order to terminate the pending litigation and any further resulting expense.  However, State Farm, Lincoln Benefit and American Family reserve the right to pursue appropriate legal processes, if they have evidence that Miguel Carbajal did not in fact die on July 15, 2003.  Maricela Carbajal acknowledges such right and prospectively releases any cause of action that could be asserted in response to such legal process. Furthermore, if any of the companies are successful in obtaining a judicial finding that Miguel Carbajal did not die on July 15, 2003, Maricela Carbajal will repay the [settlement funds, plus costs and attorneys fees].

Settlement Agreement [Doc. # 134] at p.3.

All parties seek an order enforcing the Settlement Agreement.  They differ only in their

4

views of what that enforcement entails.

The insurance companies seek to enforce the Settlement Agreement, but they contend that enforcement includes invoking the "appropriate legal processes" described in the Indemnification Clause to determine whether Miguel Carbajal is alive.  According to the insurance companies:

> [T]he court [should] schedule an evidentiary hearing for a "judicial determination" whether proof exists that Miguel Carbajal did not die in 2003, but is alive.  State Farm acknowledges it should have the burden to prove its entitlement to return of the proceeds by a preponderance of the evidence.  The one disputed issue should be whether there is sufficient proof Miguel Carbajal is alive.  State Farm believes an evidentiary hearing would take 3-4 days.  There would be 8-10 lay witnesses.

State Farm's Motion to Enforce [Doc. # 126] at ¶8.

Enforcement of the Settlement Agreement in the Carbajals' view includes only "an Order compelling the insurance companies to pay the settlement monies pursuant to the settlement contract entered into on January 29, 2009. . . ."  Carbajals' Motion to Enforce [Doc. # 124] at p.3.  The Carbajals object to any attempt to invoke the Indemnification Clause as a part of enforcing the settlement, however, arguing:

> The insurance companies' request for a court trial [of the Indemnification Clause] should also be denied because it is arguably an attempt to sandbag the Carbajals by robbing them of their opportunity for a full trial on the merits in front of a jury to essentially determine the same question that the insurance companies are attempting to determine now: whether Miguel Carbajal is alive or dead?
>
>         \*   \*   \*
>
> If the insurance companies intend on seeking an order clarifying their rights under the Indemnification Clause, the procedural mechanism to accomplish this is via a declaratory judgment action under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.  The insurance companies also have the option to proceed under a breach of

> contract cause of action. . . .  Proceeding in this fashion will allow
> the parties to undertake appropriate discovery, and more
> importantly, will allow the Carbajals to exercise their right to bring
> appropriate counterclaims.

Carbajals' Response [Doc. # 133] at pp.4-5 and 6.

A trial court has the power, while a case is pending before it, summarily to enforce a settlement agreement entered into by the parties.  Schools v. Klebold, 375 F.3d 1054, 1060 (10th Cir. 2004).  Settlements are favored.  City & County of Denver v. Adolph Coors Co., 813 F. Supp. 1476, 1479 (D. Colo. 1993).  Issues involving the formation and construction of a settlement agreement are resolved by applying state contract law.  Schools, 375 F.3d at 1060. "[W]here material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing."  United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993).

In this case, the settlement reached by the parties is embodied in a signed writing. Consequently, the parties do not dispute that a settlement was reached, nor do they dispute the terms of the settlement.  The only disagreement concerns what those written terms mean. Consequently, no evidentiary hearing is necessary.  To the contrary, where as here the terms of the Settlement Agreement are unambiguous, they are to be given their plain meaning, and the intent of the parties is determined from the document alone.  Anthony v. United States, 987 F.2d 670, 673 (10th Cir. 1993).

The Settlement Agreement expressly calls for the payment of money from the insurance companies to the Carbajals in return for releases of claims.  The Settlement Agreement should be enforced to require the insurance companies to release the settlement funds to the Carbajals.

Enforcement of the Settlement Agreement does not require that I conduct an evidentiary

hearing to determine whether Miguel Carbajal is alive, however.  The Indemnification Clause allows the insurance companies to "pursue appropriate legal processes" and to obtain a judgment for the return of the settlement funds upon " a judicial finding that Miguel Carbajal did not die on July 15, 2003. . . ."  Settlement Agreement [Doc. # 134] at p.3.  The clear and unambiguous meaning of the phrase "pursue appropriate legal processes" is that the insurance companies may commence a civil action in an appropriate court to obtain the return of the settlement funds upon proof that Miguel Carbajal did not die on July 15, 2003.  As the Carbajals argue, however, those "legal processes" ordinarily would include the right to a jury trial, to discovery, and to the other protections and obligations established by the applicable rules of procedure.  It is unreasonable to interpret the phrase "pursue appropriate legal processes" to mean that this court, or any other, has jurisdiction or the authority to conduct a summary proceeding of the nature urged by the insurance companies.

I understand that the insurance companies are concerned that once the settlement funds are disbursed to the Carbajals it may be difficult or impossible to recover them.  That, however, is the bargain reached by the parties.  The Indemnification Clause clearly and unambiguously provides that the insurance companies' remedy in the event Miguel Carbajal did not die as claimed on July 15, 2003, is to seek a "judicial finding" to that effect and an order that "Maricela Carbajal . . . repay" the amount of the settlement.  Settlement Agreement [Doc. # 134] at p.3.  The mere fortuity that the insurance companies claim to have obtained proof that Miguel Carbajal is alive before releasing the settlement funds to the Carbajals does not alter their obligations under the Settlement Agreement or make it unfair to require the insurance companies to perform the Settlement Agreement as written.

7

The Carbajals' Response was filed as permitted under D.C.COLO.LCivR 7.1C, and there is no basis upon which to strike it.

I respectfully RECOMMEND that the Carbajals' Motion to Enforce [Doc. # 124] be GRANTED; that the insurance companies be ordered to release the settlement funds to the Carbajals as described in the Settlement Agreement; and that thereafter this case be dismissed with prejudice as settled.

I also RECOMMEND that State Farm's Motion to Enforce [Doc. # 126], American Family's Joinder [Doc. # 127], and Lincoln Benefit's Joinder [Doc. # 128] be DENIED.

Further, IT IS ORDERED that the Motion to Strike [Doc. # 137] is DENIED.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.   United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 4, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge